# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES EDWARD GOWDY, | 1:12-CV-01640 GSA HC |
| Petitioner, | ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS |
| v. | ORDER DIRECTING CLERK OF COURT TO ENTER JUDGMENT AND CLOSE CASE |
| A. GILL, | |
| Respondent. | ORDER DECLINING ISSUANCE OF CERTIFICATE OF APPEALABILITY |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. He has consented to the jurisdiction of the magistrate judge pursuant to 28 U.S.C. § 636(c).

## BACKGROUND[1]

Petitioner is currently incarcerated at the Federal Correctional Institution in Mendota, California. He challenges his 2008 sentence in the United States District Court for the Northern District of Mississippi for being a felon in possession of ammunition. He was sentenced under the Armed Career Criminal Act ("ACCA"). Petitioner appealed to the Fifth Circuit Court of Appeals, and the judgment was affirmed on June 1, 2009. See United States v. Gowdy, Case No.

---

[1] This information was derived from the petition for writ of habeas corpus.

1

3:08-cr-00167-WHB-JCS-1 (5th Cir.2009).[2]

Petitioner then filed a motion to vacate, set aside or correct the sentence pursuant to 28 U.S.C. § 2255 in the sentencing court, and the motion was denied. Id. Petitioner appealed to the Fifth Circuit, and the appeal is currently pending. Id. Petitioner sought authorization to file a second or successive motion pursuant to § 2255, but on August 17, 2012, the motion was denied as premature. Id.

Petitioner filed the instant petition for writ of habeas corpus on October 5, 2012. Petitioner argues he was sentenced under the ACCA based on inaccurate information.

## DISCUSSION

A federal prisoner who wishes to challenge the validity or constitutionality of his federal conviction or sentence must do so by way of a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir.1988); see also Stephens v. Herrera, 464 F.3d 895, 897 (9th Cir.2006), cert. denied, 549 U.S. 1313 (2007); Thompson v. Smith, 719 F.2d 938, 940 (8th Cir.1983); In re Dorsainvil, 119 F.3d 245, 249 (3rd 1997); Broussard v. Lippman, 643 F.2d 1131, 1134 (5th Cir.1981). In such cases, *only the sentencing court has jurisdiction*. Tripati, 843 F.2d at 1163. A prisoner may not collaterally attack a federal conviction or sentence by way of a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Grady v. United States, 929 F.2d 468, 470 (9th Cir.1991); Tripati, 843 F.2d at 1162; see also United States v. Flores, 616 F.2d 840, 842 (5th Cir.1980).

In contrast, a prisoner challenging the manner, location, or conditions of that sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241 in the district where the petitioner is in custody. Stephens, 464 F.3d at 897; Hernandez v. Campbell, 204 F.3d 861, 864-65 (9th Cir.2000) (per curiam); Brown v. United States, 610 F.2d 672, 677 (9th Cir. 1990); Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998); United States v. Tubwell, 37

---

[2]This Court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244 (9th Cir.1992); see also MGIC Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986); United States v. Wilson, 631 F.2d 118, 119 (9th cir. 1980). Accordingly, the Court takes judicial notice of United States v. Gowdy, Case No. 3:08-cr-00167-WHB-JCS-1 (5th Cir.2009).

2

1  F.3d 175, 177 (5th Cir. 1994); Kingsley v. Bureau of Prisons, 937 F.2d 26, 30 n.5 (2nd Cir.
2  1991); United States v. Jalili, 925 F.2d 889, 893-94 (6th Cir. 1991);Barden v. Keohane, 921 F.2d
3  476, 478-79 (3rd Cir. 1991); United States v. Hutchings, 835 F.2d 185, 186-87 (8th Cir. 1987).
4  "The general rule is that a motion under 28 U.S.C. § 2255 is the exclusive means by which a
5  federal prisoner may test the legality of his detention, and that restrictions on the availability of a
6  § 2255 motion cannot be avoided through a petition under 28 U.S.C. § 2241." Stephens, 464
7  F.3d at 897 (citations omitted).
8      As Petitioner acknowledges, an exception exists by which a federal prisoner may seek
9  relief under § 2241 *if* he can demonstrate the remedy available under § 2255 to be "inadequate or
10 ineffective to test the validity of his detention." United States v. Pirro, 104 F.3d 297, 299 (9th
11 Cir.1997) (quoting § 2255); see Hernandez, 204 F.3d at 864-65. The Ninth Circuit has
12 recognized that it is a very narrow exception. Ivy v. Pontesso, 328 F.3d 1057, 59 (9th Cir.) (as
13 amended), cert. denied, 540 U.S. 1051 (2003). The remedy under § 2255 usually will not be
14 deemed inadequate or ineffective merely because a prior § 2255 motion was denied, or because a
15 remedy under that section is procedurally barred. See Aronson v. May, 85 S.Ct. 3, 5 (1964) (a
16 court's denial of a prior § 2255 motion is insufficient to render § 2255 inadequate.); Tripati, 843
17 F.2d at 1162-63 (a petitioner's fears of bias or unequal treatment do not render a § 2255 petition
18 inadequate); Williams v. Heritage, 250 F.2d 390 (9th Cir.1957); Hildebrandt v. Swope, 229 F.2d
19 582 (9th Cir.1956).
20     There is little guidance on what constitutes "inadequate and ineffective" in relation to the
21 savings clause.  The Ninth Circuit has acknowledged that "[other] circuits, however, have held
22 that Section 2255 provides an 'inadequate and ineffective' remedy (and thus that the petitioner
23 may proceed under Section 2241) when the petitioner claims to be: (1) factually innocent of the
24 crime for which he has been convicted; and, (2) has never had an 'unobstructed procedural shot'
25 at presenting this claim ." Ivy, 328 F.3d at 1059-60, citing Lorentsen v. Hood, 223 F.3d 950, 954
26 (9th Cir.2000)); see also Stephens, 464 F.3d at 898. The burden is on the petitioner to show that
27 the remedy is inadequate or ineffective. Redfield v. United States, 315 F.2d 76, 83 (9th
28 Cir.1963).

In this case, Petitioner is challenging the validity and constitutionality of his federal sentence imposed by the United States District Court for the Northern District of Mississippi, rather than an error in the administration of his sentence. Therefore, the appropriate procedure would be to file a motion pursuant to § 2255 in the Northern District of Mississippi, not a habeas petition pursuant to § 2241 in this Court.

Petitioner argues, however, that § 2255 is inadequate and ineffective, because he has already filed a § 2255 motion and that motion has been denied. However, a court's denial of a prior § 2255 motion is insufficient to render § 2255 inadequate. See Aronson v. May, 85 S.Ct. 3, 5 (1964). In this case, it is clear Petitioner has had an unobstructed procedural opportunity to present his claim. Although the § 2255 motion has been denied, the relevant facts and law were available to Petitioner at the time he filed his motion. As Petitioner acknowledges, Carachuri-Rosendo v. Holder, ___ U.S. ___, 130 S.Ct. 2577 (2010), on which Petitioner relies, was decided prior to the filing of his § 2255 motion. Moreover, Petitioner is still seeking relief on his claims in the Fifth Circuit Court of Appeal, as the appeal of his § 2255 motion is currently pending. Even if that motion is denied, Petitioner may still seek authorization to file a second or successive motion. Therefore, Petitioner does not meet the second prong of the savings clause.

Moreover, Petitioner has failed to demonstrate that his claims qualify under the savings clause of Section 2255 because Petitioner's claims are not proper claims of "actual innocence." In the Ninth Circuit, a claim of actual innocence for purposes of the Section 2255 savings clause is tested by the standard articulated by the United States Supreme Court in Bousley v. United States, 523 U.S. 614 (1998). Stephens, 464 U.S. at 898. In Bousley, the Supreme Court explained that, "[t]o establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." Bousley, 523 U.S. at 623 (internal quotation marks omitted). Petitioner bears the burden of proof on this issue by a preponderance of the evidence, and he must show not just that the evidence against him was weak, but that it was so weak that "no reasonable juror" would have convicted him. Lorentsen, 223 F.3d at 954.

In this case, Petitioner does not assert that he is factually innocent of the crime for which

he was convicted. Rather, he claims that, for sentencing purposes, he does not have the requisite qualifying prior convictions and, thus, he is actually innocent of being designated a "Career Offender" based on his prior convictions. Under the savings clause, however, Petitioner must demonstrate that he is factually innocent of the crime for which he has been convicted, not the sentence imposed. See Ivy, 328 F.3d at 1060; Lorentsen, 223 F.3d at 954 (to establish jurisdiction under Section 2241, petitioner must allege that he is "'actually innocent' of the crime of conviction"); Edwards v. Daniels, 2006 U.S. Dist. LEXIS 94750, at *7, 2006 WL 3877525 (D.Or.2006) ("Petitioner's assertion that he is actually innocent of a portion of his sentence does not qualify him for the 'escape hatch' of § 2255 because he must allege that he is 'legally innocent of the crime for which he has been convicted,' not the sentence imposed."), adopted by Edwards v. Daniels, 2007 U.S. Dist. LEXIS 12356, 2007 WL 608115 (D.Or.2007). Therefore, the instant § 2241 petition does not fit within the exception to the general bar against using Section 2241 to collaterally attack a conviction or sentence imposed by a federal court. See Lorentsen, 223 F.3d at 954 (declining to decide whether federal prisoners who are actually innocent may resort to Section 2241 when relief is not available under Section 2255 because the petitioner had not shown actual innocence); see also Stephens, 464 F.3d at 898-99 (concluding that, although petitioner satisfied the requirement of not having had an "unobstructed procedural shot" at presenting his instructional error claim under Richardson v. United States, 526 U.S. 813, 119 (1999) because the claim did not become available until Richardson was decided eight years after his first Section 2255 motion had been denied and the claim did not satisfy the requirements for a second or successive Section 2255 motion, petitioner could not satisfy the actual innocence requirement as articulated in Bousley and, thus, failed to properly invoke the escape hatch exception of Section 2255); Harrison, 519 F.3d at 959 ("[A] motion meets the escape hatch criteria of § 2255 'when a petitioner (1) makes a claim of actual innocence, and (2) has not had an unobstructed procedural shot at presenting that claim.'").

      Accordingly, the Court concludes that Petitioner has not demonstrated that Section 2255 constitutes an "inadequate or ineffective" remedy for raising his claims. Accordingly, Section 2241 is not the proper statute for raising Petitioner's claims, and the petition should be dismissed

5

for lack of jurisdiction.

## CERTIFICATE OF APPEALABILITY

A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003). The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c)   (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–
>
>> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>>
>> (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

If a court denies a petitioner's petition, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El, 537 U.S. at 327; Slack v. McDaniel, 529 U.S. 473, 484 (2000). While the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." Miller-El, 537 U.S. at 338.

In the present case, the Court finds that reasonable jurists would not find the Court's determination that Petitioner is not entitled to federal habeas corpus relief debatable, wrong, or deserving of encouragement to proceed further. Petitioner has not made the required substantial

showing of the denial of a constitutional right. Accordingly, the Court hereby DECLINES to issue a certificate of appealability.

**ORDER**

Accordingly, IT IS HEREBY ORDERED:

1) The petition for writ of habeas corpus is DISMISSED as the petition does not allege cognizable grounds for relief in a petition filed pursuant to 28 U.S.C. § 2241;

2) The Clerk of Court is DIRECTED to enter judgment and terminate the case; and

3) The Court DECLINES to issue a certificate of appealability.

IT IS SO ORDERED.

Dated:   October 23, 2012            /s/ Gary S. Austin
                                     UNITED STATES MAGISTRATE JUDGE